**FILED**

NOV 16 2022

At _____
GARY T. BELL, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CASE NO. **2:22CR 110** |
| | ) |
| v. | ) 18 U.S.C. § 2251(a) & (e) |
| | ) 18 U.S.C. § 2252(a)(2) & (b)(1) |
| | ) 18 U.S.C. § 2252(a)(4)(B) & (b)(2) |
| TIMOTHY J. CARPENTER | ) |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### Count One
### (Production of Child Pornography Featuring John Doe 1)

On or about April 15, 2022, in the Northern District of Indiana and elsewhere, the defendant,

## TIMOTHY J. CARPENTER

attempted to and did knowingly employ, use, and induce a minor child, John Doe 1, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, where such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce, and where such visual depiction was produced using materials that had been mailed, shipped, or

1

transported in or affecting interstate or foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Section 2251(a) and (e).

## Count Two
**(Production of Child Pornography Featuring John Doe 1)**

On or about June 26, 2022, in the Northern District of Indiana and elsewhere, the defendant,

### TIMOTHY J. CARPENTER

attempted to and did knowingly employ, use, and induce a minor child, John Doe 1, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, where such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce, and where such visual depiction was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Section 2251(a) and (e).

3

## Count Three
### (Distribution of Child Pornography)

Between on or about July 1, 2022, through July 2, 2022, in the Northern District of Indiana and elsewhere, the defendant,

## TIMOTHY J. CARPENTER

did knowingly distribute any visual depiction using any means and facility of interstate and foreign commerce and which contained materials which have been mailed, shipped and transported by any means including by computer, the production of such visual depiction(s) involved the use of a minor engaging in sexually explicit conduct and the visual depictions are of such conduct.

All in violation of Title 18, United States Code, Section 2252(a)(2) and (b)(1).

## Count Four
### (Possession of Child Pornography)

On or about September 2, 2022, in the Northern District of Indiana and elsewhere, the defendant,

## TIMOTHY J. CARPENTER

did knowingly possess one or more matters which contain any visual depiction that had been produced using materials that have been mailed, or using materials that have been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, the production of such visual depiction(s) involved the use of a minor, and at least one of the visual depiction(s) involved a prepubescent minor under the age of twelve, engaging in sexually explicit conduct and the visual depiction(s) is of such conduct.

All in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2).

## FORFEITURE ALLEGATIONS

1.      The allegations in Count One through Four of this Indictment are hereby realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to Title 18, United States Code, Section 2253.

2.      Upon conviction of an offense in violation of Title 18, United States Code, Sections 2251(a) and (e), 2252(a)(2) and (b)(1), or 2252(a)(4)(B) and (b)(2), alleged in the Indictment, the defendant, **TIMOTHY J. CARPENTER**, shall forfeit to the United States of America:

      a.      Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense[s]; and

      b.      Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense[s].

2.      If any of the property described above, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b) and by Title 28, United States Code, Section 2461(c).

**A TRUE BILL**

s/Foreperson
FOREPERSON

CLIFFORD D. JOHNSON
United States Attorney

By:    s/Emily A. Morgan
Emily A. Morgan
Assistant United States Attorney

7